# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

JULIANNE D.,[1]

        Plaintiff,

vs.

FRANK BISIGNANO, Commissioner of
Social Security,

        Defendant.

No.  C24-1034-LTS-KEM

**ORDER**

## I.      INTRODUCTION

This case is before me on a Report and Recommendation (R&R) filed by Chief United States Magistrate Judge Kelly K.E. Mahoney.  Doc. 22.  Judge Mahoney recommends that I affirm the decision of the Commissioner of Social Security (the Commissioner) denying applications by plaintiff Julianne D. (the Claimant) for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–34, and supplemental security income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1383f.  Neither party has objected to the R&R and the deadline for objecting has expired.

## II.      APPLICABLE STANDARDS

### A.      *Judicial Review of the Commissioner's Decision*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole."  *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir.

---

[1] For privacy reasons, I refer to Social Security claimants by their first name and last initial, as recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

2006); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive. . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003). The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

To determine whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but [does] not re-weigh the evidence." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). That means both the evidence supporting the Commissioner's decision and that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court "must search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

The court applies a balancing test to assess any contradictory evidence in an appeal of a denial of benefits. *Sobania v. Sec'y of Health & Hum. Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if, after reviewing the evidence, the court "find[s] it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even if

2

the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see also Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

## B.   *Review of Report and Recommendation*

A district judge reviews a magistrate judge's R&R under the following standard:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(2). Because Claimant did not object to the R&R, I review its factual findings for plain error. *Hajek v. Shalala*, 30 F.3d 89, 91–92 (8th Cir. 1994). Questions of law are reviewed de novo. *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990) (per curiam); *Halpin v. Shalala*, 999 F.2d 342, 346 (8th Cir. 1993).

## III.   DISCUSSION

Judge Mahoney applied the correct legal standards to evaluate whether the Administrative Law Judge (1) appropriately considered the combination of the Claimant's impairments, including her subjective allegations of pain and history of breast cancer treatment, and (2) relied on substantial evidence, including medical evidence, to conclude

3

that the Claimant had the residual functional capacity to work as a retail sales clerk as generally performed or customer service clerk as generally and actually performed. Based on my review of the record, I find no error in Judge Mahoney's recommendation. As such, I adopt the R&R in its entirety.

## IV. CONCLUSION

For the reasons set forth herein:

1.     I **accept** the Report and Recommendation (Doc. 22) without modification. *See* 28 U.S.C. § 636(b)(1).

2.     Pursuant to Judge Mahoney's recommendation:

a.     The Commissioner's determination that Claimant was not disabled is **affirmed**.

b.     Judgment shall be entered against plaintiff and in favor of the Commissioner.

**IT IS SO ORDERED** this 24th day of September, 2025.

_____
Leonard T. Strand
United States District Judge

4